AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
WALTER BRIDGES, JR.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30783

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**FILED**
DEC 24 2013
CLERK'S OFFICE
DETROIT

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

See attached.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| December 24, 2013 | *Signature* |
|---|---|
| Date | Signature of Judge |

David R. Grand, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**13-30783;** *United States of America v. Walter Bridges, Jr.*

The defendant, Walter Bridges, Jr., a convicted felon, has been charged in a criminal complaint with violating the following federal statutes: (1) 18 U.S.C. §922(g)(1), Felon in Possession of a Firearm; (2) 18 U.S.C. §924(c), Possession of a Firearm in Furtherance of Federal Drug/Violent Crime; (3) 21 U.S.C. §841(a)(1), Possession with Intent to Distribute Controlled Substance; and (4) 18 U.S.C. §922(j), Possession of a Stolen Firearm. The criminal complaint is supported by the affidavit of Michael DeVantier, an ATF Special Agent. Bridges appeared before the Court on December 23, 2013, for a detention hearing in this matter.

Except as otherwise noted, the following facts come from Officer DeVantier's affidavit, the Government's proffer, and the Pretrial Services Report ("PSR"), which recommended detaining Bridges as both a flight risk and danger to the community.

DeVantier's affidavit states that on December 17, 2013, a Wayne County Sherriff's officer observed a parked vehicle with the driver "hunched down in the front seat." The officer and his colleague activated their emergency lights and approached the vehicle. One officer asked the driver, later identified as Bridges, to show his hands, and Bridges responded, "For what?" Bridges refused, saying "Fuck that, I ain't getting out!" After another request by the officer for Bridges to step out of the vehicle, Bridges then opened the driver's door and swung at the officer. A struggle ensued, during which a loaded ammunition "magazine" fell from Bridge's person. Bridges takes exception with certain of these facts, claiming that there was no physical struggle at all between he and the officer. He also takes exception with the stop itself, arguing that there was no reason for the officer to approach him, or ask him to show his hands or get out of the car.

Officers then searched Bridges and the car. They recovered a second ammunition magazine and two "speed loaders" containing five rounds each of .357 ammunition from Bridges' jacket. They also recovered a .357 revolver from beneath the driver's seat, a semi-automatic handgun, and 17 individually wrapped pieces of suspected crack cocaine. A later computer search revealed that the revolver was reported as stolen. The instant charges followed.

The PSR details Bridges' criminal history which, unfortunately, not only began at a young age, but involved very serious charges; at age 18, Bridges was convicted of Felony Armed Robbery, Felony Assault with Dangerous Weapon, and Felony Weapons – Felony Firearm. He served a total of 10 years in State custody on those charges and was discharged from a successful parole on November 1, 2013. Only six weeks later, the instant alleged criminal activity occurred. The PSR also documents some issues with Bridges' failing to appear in court, but these mostly involved fairly minor issues (e.g., improper license plates and a noise violation).[1] In addition, the government pointed out Bridges' lack of legitimate employment and income since his release from prison.

---

[1] Although these are all matters that Bridges should have taken more seriously than he apparently did, they do not suggest to the Court that Bridges, who has strong family ties to the area, is a

2

**13-30783;** *United States of America v. Walter Bridges, Jr.*

The government argued that the foregoing showed Bridges was a danger to the community (and a flight risk, which argument the Court has rejected) and sought his detention.

In response, Bridges argued that the stop in this case was unconstitutional, and that he therefore had a strong likelihood of suppressing the evidence found on him and in the car, and ultimately, a dismissal of the charges. While there may be instances where it would be appropriate for the Court to consider such an argument at a defendant's detention hearing, here, the Court finds that this is an issue that Bridges must address in a formal motion to suppress before the District Court. Bridges also argues that his criminal history all occurred when he was quite young, and that he complied with the conditions of his parole, which shows he could comply with conditions imposed by this Court. Bridges also argued that he was just about to commence employment which he obtained through a relative. Finally, Bridges pointed to his strong local family ties as a factor supporting his pretrial release.

### Applicable Standards and Analysis

In general, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *U.S. v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir.2003)); *U.S. v. Ellison*, 2007 WL 106572, at *2 (E.D. Mich., Jan. 8, 2007).

After having carefully considered the evidence and arguments, the Court finds that the government has satisfied its burden with respect to Bridges' dangerousness.

The Court first considers the nature and circumstances of the charges against Bridges, including whether they involve certain enumerated offenses, including firearms and narcotics. 18 U.S.C. §3142(g)(1). Here, not only do the charges involve the mere "possession" of a firearm, but multiple firearms, ammunition and drugs. They also involve an alleged physical encounter initiated by Bridges which resulted in an ammunition magazine being dropped from his person. Thus, this factor favors detention.

The second factor the court must consider is the weight of the evidence. 18 U.S.C. §3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of

---

serious flight risk. Bridges also appears to have complied with the terms of his parole. Accordingly, the Court finds that the government has not met its burden of showing risk of flight by a preponderance of the evidence.

13-30783; *United States of America v. Walter Bridges, Jr.*

the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). This factor also favors detention. The weight of the evidence of Bridges' dangerousness is strong. Despite having served a lengthy term of incarceration on Felony Armed Robbery and Felony Assault with a Dangerous Weapon charges, Bridges was caught with multiple weapons and ammunition on his person and in his car.

The third factor the Court must consider is "the history and characteristics of the person" accused. 18 U.S.C. §3142(g)(3). This factor is somewhat split. On the one hand, the Court considers Bridges' youth when he was sentenced to the ten-year term of imprisonment, and his apparent successful completion thereafter of a three-month boot camp and parole. The Court also considers his family support and ties to the community, and his assertion that he had intermittent employment and was about to commence other employment. However, the Court also must consider Bridges' criminal history and character, both of which favor detention. Again, his prior convictions were for the serious assaultive behavior involving guns – serious enough that Bridges served a ten-year sentence at the MDOC – yet shortly after his parole ended, Bridges was caught with multiple guns, ammunition and drugs packaged for sale. At best, even if this Court found that this third factor tipped in favor of release, the Court would find it did not outweigh the other factors discussed herein which favor detention.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Bridges'] release." 18 U.S.C. §3142(g)(4). Again, given Bridges' past criminal history, his possession of the guns, ammunition and drugs show him to be a serious danger to the community. Thus, this factor, too, favors detention.

In sum, taking all of the evidence and arguments into account, the Court finds, by clear and convincing evidence, that no condition or combination of conditions of Bridges' release can reasonably assure the community's safety.

**Accordingly, Detention is Ordered.**